Minsharr, J.
The action below was commenced in the court of common pleas, where it was disposed of on a demurrer to the petition, and appealed to the circuit court. The circuit court, as had the common pleas, sustained a demurrer to the petition, and rendered judgment in favor of the city. The error assigned is the ruling of the court on the demurrer, and rendering judgment for the city.
It is averred in the petition that the plaintiffs were the owners on March 18, 1889, of lot No. 11, of Nelson’s addi *472 tion to the city of Columbus, situated on the northeast corner of Main street and Miller avenue, fronting 37^- feet on Main street, and extending the same width northwardly along and abutting on Miller avenue 75 feet; that on March 19, 1889, the city council, by ordinance, directed the improvement of Miller avenue from Main to Broad street, under the “Taylor Raw,” and thereafter the improvement was made as directed by the ordinance, and on November 4, 1889, the council, by ordinance, assessed the entire cost and expense of the improvement on the abutting property by the foot front, including the property of plaintiffs, which was assessed $4.49 per foot for its entire length on the avenue, with a credit of a few cents per foot, the aggregate amount assessed, after deducting the credit, being $725.75; that the lots “abutting and properly fronting upon the improvement of the avenue—not lying lengthwise—have a frontage of from 32 to 33 feet on the avenue, and a depth of 150 feet; and that those in the blocks of lots next and near the plaintiffs have a frontage of 32.40 feet, and a depth of 150 feet. They claim the law to be invalid, and further say that under it their lot should only have been assessed “ for such a frontage” .on the avenue as it would have had,, were it of the average depth of lots in the neighborhood, that is, 150 feet; whereas it has been assessed without regard to the depths of lots or lands, and whether they lie lengthwise, or properly front on the improvement, and wholly without regard to the benefits conferred; that they took no part in promoting the improvement; that the assessment has been placed on the tax duplicate, and the treasurer threatens and intends to collect the same,—and asks that it be enjoined.
Section 2264, Revised Statutes, applicable to the “Taylor Raw,” provides, among other things, that: “In all cases where an improvement of any kind is made of an existing street, alley, or other public highway, the council may decline to assess the costs and expenses * * * or any part thereof * * * on the general tax list, in which event such costs and expenses, or any part thereof, which may not be so assessed on the general tax list, shall be *473 assessed by the council on the abutting, and such adjacent and contiguous, or other benefited lots and lands in the corporation, either, (1) in proportion to the benefits which may result from the improvement, or (2) according to the value of the property assessed, or (3) by the foot front of the propertjr bounding and abutting upon the improvement, as the council, by ordinance setting forth specifically the lots and lands to be assessed, may determine before the improvement is made.” The council in this case adopted the mode of assessing by “the front foot.” It is evident) as we think, from the reason and language of the statute, that in so doing it must, in assessing a particular lot abutting on the improvement, have regard to what the front of the lot is. It may abut, and yet not front, on the improvement, for its full length, or any part of it. Hence, where it lies lengthwise on the improvement, as does the lot of the plaintiffs, it should be determined, as a question of fact, whether its full length is its front, or not. If, as a matter of fact, it fronts breadthwise on another street, as we understand from the petition the lot of the plaintiffs does, then, that the system of assessing by the front foot may have a uniform operation upon all the property assessed, it should be deemed or regarded as fronting breadthwise on the improvement, and the assessment on the lot should be for the number of feet it would then have; that is to say, in the case of the plaintiffs, 37-|- feet, and no more.
It may be said that this is assessing according to a fiction. Admit this to be true, and still it must be remembered that equity many times resides in fictions, and that they have frequently been resorted to for the purpose of working out justice against the hard lines of the law. But, at any rate, the city cannot be heard to complain: For if we were to apply the strict letter of the statute to the mode of assessing adopted in this case, by the foot front, it might well be questioned whether it could assess a dollar on a lot that does not in fact front, although it may abut, on the improvement. The authority is to assess, not by the abutting, but by the front foot. Abutting property may, as will be seen by reference to the above section, be assessed in three differ- *474 eat modes—in proportion to benefits, according to valuation, or by the front foot; so that, strictly speaking, no lot could be assessed by the front foot unless it fronted, as well as abutted, on the improvement.
Whatever mode may be adopted for apportioning an assessment for the cost of an improvement, the principle of the rule must apply with uniformity to the property of all who are assessed. Here the principle of the rule adopted is that an improvement upon a certain street benefits the property on it in proportion to the frontage of each lot. While this method may not be as equal in theory as that by a valuation, or as that of an apportionment according to benefits, in practice it is found to be more equitable than either, because of the difficultjr of applying the principle of the other methods so as to attain equality. But to make it just and equitable it must conform to the principle upon which it is adopted— assessment by the front foot, not by the abutting foot, merely. This must, in each case, be a question of fact, and can in most instances be easily determined. Tots usually front breadthwise, and not lengthwise, on a street. But a lot may be built upon, used, and occupied with reference to a street on which it lies lengthwise, and in such case, for the payment of an improvement on the street, should be assessed for its full length, where the mode of apportionment adopted is by the front foot. Where it does not front, but lies lengthwise, upon the improvement, its real front must be taken as the length of the frontage thereon, as to exonerate it entirely would be to carry a principle beyond the limits of reason, for every lot abutting on a street improvement must, as a general rule, be benefited to some extent by it, and should, therefore, upon the principle of equality, be made to contribute proportionately to the cost of the work.

Judgment reversed, and cause remanded to the circuit court, with direction to overrule the demurrer to the petition, and such further proceedings in accordance with this opinion as may be required by law.